SAVOY, Judge.
On the morning of October 9, 1963, plaintiff’s vehicle was parked on a highway in the Parish of Lafayette, Louisiana. His car was struck from the rear by a car owned and operated by Willy Foreman. The visibility on that morning was bad because of intense fog.
Subsequent to the accident Willy Foreman filed a suit in the 15th Judicial District Court, Parish of Lafayette, Louisiana, entitled “Willy Foreman, Jr. v. N. F. Hin-son,” bearing civil docket number 30,896. Hinson was duly served, and brought the petition served on him to Leo Thibodeaux, d/b/a Lion Insurance Agency, from whom he had obtained a policy of insurance on the vehicle involved in the accident. The policy was written by Zurich Insurance Company through its agent, Interstate General Insurance Agency, Inc., and was in force when the accident occurred.
Thibodeaux failed to notify Interstate General Insurance Agency, Inc., or Zurich of the pending litigation. On April 16, 1964, Willy Foreman obtained a judgment by default against Hinson for $465.70, together with costs and interest. Thereafter garnishment proceedings were instituted against a general contractor for whom Hin-son was working. The amount of money due Hinson was garnished and paid to Foreman. This sum did not satisfy the judgment, and on September 4, 1964, the State of Louisiana, through its Financial Responsibility Division, had plaintiff’s driver’s license and car license on the car involved in the accident and on some trucks owned by him picked up. Plaintiff, at that time, was in the plumbing business. In September of 1964, counsel for plaintiff made a demand on Zurich for payment of the April 16, 1964, judgment. Zurich turned the matter over to a general adjuster. After an investigation was made, Zurich refused plaintiff’s request.
On December 4, 1964, plaintiff filed the instant suit with several amendments thereto praying for judgment in his favor and against Zurich, Interstate and Thibodeaux for loss of wages, damages because of the garnishment, loss of driver’s license, humiliation, loss of credit standing and harassment; and against Zurich alone for penalties and attorney’s fees for being arbitrary and capricious in not paying the judgment in suit No. 30,896.
Zurich filed an answer and third party demand admitting the issuance of the policy, but denying plaintiff’s demand on the ground that neither it nor its agent Interstate were ever notified of the accident and subsequent suit. It made Interstate and its insurer, St. Paul Fire and Marine Insurance Company, a third party defendant.
Interstate filed an answer and third party demand denying plaintiff’s claim, stating that it had never been notified of the accident by Thibodeaux. It also took the position that Thibodeaux was not its agent, and that if the court should find liability on its part, it should, in turn, have judgment against Thibodeaux because of his neglect in failing to notify it of the accident or suit.
Zurich filed an amended answer and third party petition denying that Thibodeaux was its agent, but on the contrary, that he was plaintiff’s agent. It made Thibodeaux a defendant and asked for judgment against him if it should be cast in judgment.
By supplemental petition plaintiff made Thibodeaux a party defendant.
Thibodeaux defended on the ground that he notified Interstate and also filed a plea of liberative prescription of one year to plaintiff’s demand.
*830 After a lengthy trial the court absolved Interstate from any liability; granted plaintiff judgment against Zurich for the amount of the original judgment, namely $465.70, $500.00 for loss of wages, and $750.00 for ■humiliation, etc. The court also granted •plaintiff penalties and attorneys’ fees ■against Zurich; and allowed Zurich to "recover $965.75 from Thibodeaux.
From this judgment Zurich and Thibo-■deaux have appealed. Plaintiff answered the appeal, praying for an increase in the -award.
The pertinent provisions of the policy ■'issued by Zurich to Interstate provide, in part:

"Supplementary Payments.

“ * * * to pay * * * all costs taxed against the insured and all interest on the entire amount of any judgment thereon which accrues after the •entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company’s liability thereon.”
Under the policy provision designated as ■“Conditions” is found Section 3 — Notice— 'which provides in part:
“In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and •circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. * * * »
The trial court found that Thibo-deaux had not notified either Interstate or Zurich of the accident or suit. After a careful review of the record, we are in full accord with this holding.
The record also reveals that at the time Zurich was notified of the judgment in suit No. 30,896, it had become final.
We are also in agreement with the trial court judgment that Interstate was neither the agent of plaintiff nor Thibodeaux, and affirm that portion of the judgment rejecting all demands against it.
The more troublesome aspect of the case is the liability of Zurich and Thibodeaux.
The trial judge, in his reasons for judgment, found that Thibodeaux was the agent of Zurich by estoppel, and that because of Thibodeaux’s neglect, he was responsible to Zurich in the sum of $965.75 — $465.70 being the amount of the judgment, and $500.00 for loss of wages. These two sums total $965.70, so the sum of $965.75 was a clerical error.
The record reveals that Interstate is a general insurance broker with offices in Shreveport, Louisiana. It is agent for numerous companies, including Zurich. It was authorized by Zurich to write certain types of policies on forms provided by "Zurich. In the instant case one of Interstate’s employees traveled in the State of Louisiana visiting local insurance agencies authorized by the State of Louisiana to engage in the general insurance business. On one of these trips the employee visited Lafayette, Louisiana, and called on Mr. Thibodeaux with a view of having Thibo-deaux place some of his insurance with Interstate. Thibodeaux sent Interstate an application on the plaintiff’s vehicle. Interstate found everything satisfactory and insured the particular vehicle with Zurich, and sent the policy to Thibodeaux and a copy to Zurich.
The evidence reflects that Interstate was authorized by Zurich to write certain types of insurance, the forms for which were sent by Zurich. Interstate decided whether the policy would be written or not. When the policy was written, it was delivered by Interstate to the agent who had requested it, a copy being sent to Zurich. The agent *831 then remitted to Interstate the amount of the premium less its commission. Any claim on said policy by an insured was to be sent to Interstate. Interstate and Zurich never had any contact with each other.
There are two types of agency by estop-pel, which are set forth in Couch on Insurance 2d, Sections 26:28 and 26:62.
The first type deals with the case in which a principal permits another person to act in such a way so that a third party will believe that the party with whom he is dealing is the agent of the principal.
Couch on Insurance 2d, Section 26:28 provides, in part:
“An insurer is estopped to deny that a certain person is its agent or possesses the authority he assumes to exercise, where it knowingly causes or permits him so to act as to justify a third person of ordinary careful and prudent business habits to believe that he possesses the authority exercised.”
For authorities on this subject see Robicheaux v. Calvert Fire Insurance Company, (La.App., 1 Cir., 1965), 171 So.2d 264, and cases cited therein.
The second type of agency by estoppel is where a person, by his acts or conduct, has knowingly permitted another to appear as his agent to the injury of a third person who has dealt with the apparent agent in good faith and with due diligence.
Section 26:62 of Couch on Insurance 2d states:
“The doctrine by which an insurer is held for the acts of an agent within the apparent scope of his authority is based on estoppel; the insurer having permitted his agent to appear to have a given authority is estopped to deny such authority. To raise such estoppel it is necessary that the insured or other person asserting it acted justifiably and in good faith, upon an appearance of authority with which the principal has clothed the agent, by some word, act, or neglect,, whether intentionally or by want of ordinary care, and the third party in reliance thereon must have been misled into altering his position to his prejudice.”
For authorities on this subject see Vicknair v. Bonneval, (Orl.App., 1950), 47 So.2d 57, and cases cited therein.
We conclude that the first rule stated above and cited in the Robicheaux case, supra, and also in Couch on Insurance 2d, Section 26:28, is applicable to the instant case.
Zurich authorized Interstate to write the policy in the instant case. Plaintiff accepted said policy from Thibodeaux on the assumption that he had authority to represent Zurich. We conclude that because of these factors Thibodeaux became the agent of Zurich by estoppel insofar as plaintiff was concerned.
Under the policy provisions, notice of the accident and suit to Thibodeaux was. sufficient. Zurich bound itself to pay all judgments rendered against it; therefore,, we are of the opinion Zurich was acting arbitrarily when it did not pay the judgment in suit No. 30,896.
The court allowed plaintiff $500.00' for loss of wages. We have carefully reviewed the evidence on this point and conclude that plaintiff has not proven this-item of damages with sufficient certainty.. Although plaintiff was a plumbing contractor, he kept very meager records of his business transactions. He did not file Federal and State Income Tax Returns for the years 1962 and 1963. Accordingly, this-claim is rejected.
The award of $750.00 for humiliation is neither excessive nor inadequate, and we affirm this portion of the judgment.
The court rejected plaintiff’s claim for loss of credit. The record reflects- *832 numerous judgments against plaintiff. We agree with the ruling of the trial court.
Finally, we come to the item of $2,000.00 awarded plaintiff as attorney’s fees, together with 12% penalties. The suit by plaintiff is a mixed one, partially in contract under the policy and partially in tort. Penalties and attorney’s fees under LSA-R.S. 22:658 are awarded only for arbitrary failure to pay claims due under a policy. The amount of the judgment is approximately $500.00, and we believe an award of $350.00 as attorney’s fees is reasonable under the circumstances of this case.
The trial judge, through omission, neglected to award plaintiff costs and interest on the judgment rendered April 16, 1964, in suit No. 30,896. The judgment is hereby amended in this respect.
For the reasons assigned, the judgment of the district court is affirmed insofar as it rejected the plaintiff’s claim against Interstate General Insurance Agency, Inc. and St. Paul Fire and Marine Insurance Company; and it is amended as follows:
Judgment is hereby rendered in favor of plaintiff, N. F. Flinson, and against Zurich Insurance Company (a) in the sum of $465.70 with interest at the rate of 5% from date of judicial demand in suit No. 30,896,' until paid, and for all costs of said suit; (b) in the sum of $350.00 with penalties at the rate of 12% on said $465.70; and (c) in the sum of $750.00 with interest at the rate of 5% per annum from judicial demand until paid.
Judgment is further rendered in favor of Zurich Insurance Company, against Leo Thibodeaux, d/b/a Lion Insurance Agency, (a) in the sum of $465.70 with interest at the rate of 5% from date of judicial demand in suit No. 30,896, until paid, and for all costs of said suit; and (b) in the sum of $750.00 with interest at the rate of 5% per annum from judicial demand until paid.
As amended the judgment is affirmed. Costs in both courts are assessed one-half to Zurich Insurance Company and one-half to Leo Thibodeaux, d/b/a Lion Insurance Agency.
Amended and affirmed.