316 So.2d 164 (1975)
John S. BYE
v.
AMERICAN INCOME LIFE INSURANCE COMPANY.
No. 6872.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1975.
Rehearing Denied August 5, 1975.
Writ Refused October 13, 1975.
*165 Hugh G. Oliver, Westwego, for plaintiff-appellant.
Deutsch, Kerrigan & Stiles, Francis G. Weller and Russell L. Dornier, New Orleans, for defendant-appellee.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
SAMUEL, Judge.
Plaintiff instituted this suit in contract and tort against his health and accident insurer for $1,950 in disability benefits allegedly due under the policy, $100,000 in damages for present and future mental distress and psychiatric treatment therefor, both of which allegedly were caused by the insurer's refusal to pay those benefits, and for penalties and attorney's fees. Defendant answered averring its refusal to pay benefits was based upon a willful, false and concealing statement made by plaintiff in his policy application.
Thereafter, defendant filed a motion for summary judgment seeking dismissal of the issue of tort liability. In due course, the motion was granted and summary judgment was rendered in favor of the defendant, dismissing that part of plaintiff's claim which is in tort, i.e., that part which is based on mental distress because of failure to pay benefits. Plaintiff has appealed from that judgment.
These facts are not in dispute: On September 23, 1972 plaintiff paid defendant three months initial premium on a disability policy based upon an advertising brochure purporting to pay, among other benefits, $150 per week for a maximum of thirteen weeks while hospitalized and $75 per week for an additional thirteen weeks if totally disabled. The weekly premium was $3. In his application for the policy plaintiff specifically denied having been treated for or told that he had ". . . any brain, mental or nervous disorder?" Defendant averred its refusal to pay benefits was based upon the fact that this denial was "willfully false when made, in that plaintiff had been medically treated for or told that he had a condition discribed" in the above question.
Plaintiff suffered a stroke on August 10, 1973. He was hospitalized until August 30, 1973 and thereafter claimed disability benefits. The insurer denied liability for the reason above disclosed and tendered to plaintiff a return of all premiums. Plaintiff then filed this suit.
In this court plaintiff contends summary judgment is improper because there are genuine issues of material fact. Relying on the cases of Hinson v. Zurich Insurance Company, La.App., 196 So.2d 827, Wooten v. Central Mutual Insurance Company, La.App., 166 So.2d 747, and Trahan v. Central Mutual Insurance Company, La. App., 219 So.2d 187, wherein tort damages were awarded in contractual suits, he further contends he is entitled to damages for the mental distress and suffering, and for the cost of medical treatment for that condition, caused by defendant's refusal to pay the disability benefits called for by the policy in suit, as well as damages and penalties due under the contract.
*166 We are of the opinion there is no genuine issue as to material fact. We also are of the opinion the cases relied on by the plaintiff are not apropos. In the Hinson case damages were awarded for humiliation after the insured had been garnished when the insurer arbitrarily failed to pay a judgment. In Wooten and Trahan the unwarranted refusal by the insurers to accept a settlement figure within the policy limits rendered them liable for damages in excess of the policy limits after an excess judgment was rendered against its insureds. In those three cases the defendants generally breached a duty owed to the plaintiff separate and apart from the defendants' contractual obligations. In the instant case there is no independent duty over and above defendant's contractual obligation and the penalty for its failure to make timely payment is specifically provided for in the statutory law.[1]
In Louisiana damages in contract are controlled by Articles 1930 through 1944 of the Civil Code. Insofar as those articles are or may be pertinent to this case, Articles 1934 and 1935 provide:
"Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:
. . . . . .
3. Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule." LSA-C.C. Art. 1934.
"The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more." LSA-C.C. Art. 1935.
If the object of the insurance contract in suit is "the payment of money" within the contemplation of Article 1934,[2] plaintiff can only claim interest and such penalties as other statutory law allows for delay in the performance of the insurance obligation. If the object of the contract is not "the payment of money" within the contemplation of Article 1934, plaintiff can claim damages only for the pecuniary loss or the privation of pecuniary gain he may have sustained under the contract, together with said statutory penalties, unless the contract is one contemplated by the second sentence of Article 1934(3). As the object of the contract is simply the payment of a specified amount of money for sickness, accident and hospitalization, and not "the gratification of some intellectual enjoyment" or "some convenience or other legal gratification", plaintiff cannot recover for mental distress or treatment thereof. Caswell v. Reserve National Insurance Company, La.App., 272 So.2d 37, wherein we held that no action in tort will lie for failure to pay benefits under *167 a health and accident insurance policy, is directly in point.[3]
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] See LSA-R.S. 22:657.
[2] A consideration of whether the contract is within "the payment of money" as expressed in Article 1934 is unnecessary here.
[3] See also Bell v. Union Bankers Insurance Company, La.App., 213 So.2d 780; Pendleton v. Aetna Life Insurance Company, D.C.La., 320 F.Supp. 425.