419 So.2d 1272 (1982)
UNIVERSAL IRON WORKS, INC.
v.
FALGOUT REFRIGERATION, INC.
No. 14962.
Court of Appeal of Louisiana, First Circuit.
August 24, 1982.
William S. Bordelon, Houma, for plaintiff & appellant.
Randall S. Alfred, Atty. at Law, Houma, for defendant & appellee.
Robert B. Butler, III, Houma, for defendant, State Farm Fire & Cas. Co.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
EDWARDS, Judge.
Plaintiff, Universal Iron Works, Inc. ("Universal"), brought this action for breach of contract against defendant, Falgout Refrigeration and Appliance Service, *1273 Inc. ("Falgout Refrigeration").[1] From a judgment in favor of defendant, plaintiff appeals. We affirm.
Plaintiff's petition alleged the following: Universal had prepared a bid as general contractor on a construction project known as Bristow Offshore Helicopters, Inc. Phase II ("Bristow II"). Falgout Refrigeration had submitted a bid to do the air conditioning, heating and ventilation portions of the project,[2] which was the lowest bid and was incorporated into plaintiff's bid on the project. Universal was awarded the contract for construction of the Bristow II project. Thereafter, Universal notified Falgout Refrigeration that it had been awarded the construction contract and, therefore, Falgout Refrigeration was awarded the air conditioning, heating and ventilation portions of the job. Falgout Refrigeration, after numerous discussions, informed Universal that it could not do the job as called for in the architectural specifications. As a result of defendant's failure to perform, plaintiff was required to have the work performed by someone else.
Plaintiff's petition sought damages for the difference in price between what Falgout Refrigeration allegedly bid to do the job and what it would cost to have someone else do it. Additionally, plaintiff sought to have Falgout Refrigeration pay the $200.00 per day penalty which plaintiff might owe for late completion of the construction project. Falgout Refrigeration answered plaintiff's petition, denying the allegations. In its answer, defendant asserted that the price which it quoted to Universal was merely a "ball park" figure on the central air conditioning work alone and that it did not include any additional heating or ventilation work. Falgout Refrigeration denied that this "ball park" figure on the central air conditioning work constituted a binding bid. Finally, Falgout Refrigeration named State Farm Insurance Company as a third-party defendant, alleging insurance coverage for all sums which Falgout Refrigeration might be found to owe Universal.
The district court rendered judgment for defendant, dismissing plaintiff's demand. The court also dismissed defendant's third-party demand against State Farm Insurance Company.[3]
In his written reasons for judgment, the trial judge noted that the "factual issue presented by this case is whether a contract existed between the parties such as to allow for recovery of damages." The trial judge concluded that there was no such contract because there was error on the part of the defendant with regard to the extent of work to be performed. The court made a factual finding that defendant had made a bid but that it was based solely on the installation of central air conditioning equipment and that defendant did not know of the additional heating and ventilation requirements. The court concluded that defendant's mistake relative to the amount of work to be done constituted an error of fact which precluded formation of a contract. Since there was no contract between the parties in existence, the court held that no suit for damages could be maintained.
Plaintiff has appealed the judgment of the district court. Plaintiff's appeal raises the following specifications of error, which will be discussed separately:
1. The Court erred in its determination that it was not proven by Plaintiff that the Defendant knew or should have known that Air Conditioning, Heating and Ventilation work were required from the Defendant on this project.
2. The Court erred in allowing testimony in regard to other jobs, especially *1274 non-architectural jobs, that had been entered into between the parties litigant.
3. The Court erred in its application of the facts of this case to the laws regarding error.
Plaintiff contends that the trial court erred in its factual conclusion that Universal failed to prove that defendant knew it would be required to do the heating and ventilation work on the Bristow II project in addition to the central air conditioning work. It is axiomatic that such a factual finding is subject to reversal on appeal only upon a finding of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). Our review of the evidence in the record reveals no such error.
Terry Trosclair, Secretary-Treasurer of Universal, functioned as general contractor on the Bristow II project. Trosclair testified at trial that he phoned Falgout Refrigeration approximately ten days before the Bristow II bid date. Trosclair was unable to remember with whom he spoke that day, but thought that it was either Leroy or Peter Falgout. He testified that he told the person with whom he spoke that he would like Falgout Refrigeration to submit a bid for the Bristow II project on the central air conditioning work as well as the heating and ventilation work. Trosclair testified that he placed a copy of the architect's specifications relative to those portions of the work inside a set of plans and left them with his secretary so that someone from Falgout Refrigeration could pick them up. Trosclair did not know what happened to them after that. Plaintiff failed to prove that anyone from Falgout Refrigeration ever picked up the plans and specifications.
Trosclair further testified that he phoned Falgout Refrigeration several times on March 26, 1980, the day that bids on the Bristow II project were due. According to Trosclair, he was told each time that Peter Falgout, President of Falgout Refrigeration, had not yet worked up a bid. Trosclair testified that finally, about 20 to 30 minutes before his final bid was due, he spoke to Peter Falgout and received defendant's bid. Trosclair admitted that in all of his conversations with Falgout Refrigeration personnel on March 26, 1980, he never mentioned the extent of the work to be performed.
Peter and Leroy Falgout testified on behalf of the defendant. Each denied ever having spoken to Trosclair about the Bristow II project prior to when Trosclair called for Falgout Refrigeration's bid on March 26, 1980. Each denied having any knowledge of the Bristow II job prior to that date. Neither of them recalled picking up the Bristow II plans and specifications from Universal.
Peter Falgout testified that he was first made aware of the Bristow II project and first saw the plans when Trosclair telephoned on March 26 seeking his bid. Peter Falgout testified that he found the plans on a desk in his office which held a number of other plans and that when he unrolled them, there were no specifications inside. According to Falgout, he told Trosclair that he needed time to work up a bid but Trosclair told him he was in a hurry and would settle for a "ball park" figure. Peter Falgout testified that the price he quoted was only for the central air conditioning work and that Trosclair never told him that he wanted Falgout Refrigeration to bid on any additional heating and ventilation work.
The evidence in the record reveals that Universal had been doing business with Falgout Refrigeration for approximately two years. During that time, Falgout Refrigeration had submitted approximately 75 to 100 bids to Universal, all for central air conditioning work. Falgout Refrigeration was awarded approximately 15 of the central air conditioning jobs upon which it had bid. Falgout Refrigeration had never bid on or performed ventilation or special heating work for Universal.
On the basis of the evidence contained in the record, we cannot say that the trial court was manifestly erroneous in concluding that plaintiff failed to prove that defendant knew its bid included the heating and ventilation portions of the project in *1275 addition to the central air conditioning work. The trial court's factual finding was based upon an evaluation of witness credibility. The trial court is in a unique position to make such a determination. Canter v. Koehring Company, supra. In the instant case, we are unable to say that the trial court's factual findings, based upon its assessment of witness credibility, were manifestly erroneous.
Appellant next contends that the trial court erred in admitting, over objection, testimony relative to other jobs which Falgout Refrigeration had performed for Universal, especially those which were not handled by an architect as was the Bristow II job. Plaintiff maintains that such testimony was irrelevant and immaterial to the question of the amount of work which defendant agreed to perform on the Bristow II project.
Assuming, arguendo, that such testimony was improperly admitted, such admission would not constitute reversible error. As noted above, the trial court found as fact that defendant was unaware of the extent of work which plaintiff expected it to perform. As the trial court noted in its written reasons, this factual finding was required because "the defendant testified that he was unaware of these facts and the plaintiff has not shown that he knew or should have known of them." Disregarding the prior dealings between the parties, the plaintiff still failed to prove that defendant knew its bid included work in addition to installation of the central air conditioning system. If the trial court committed any error, it was harmless because exclusion of the contested evidence would not have changed the result in this case.
Finally, plaintiff asserts that the trial court erred in finding that defendant's unilateral error vitiated its consent and prevented formation of a contract. Plaintiff contends that the trial court failed to properly apply the law with regard to error and its effect upon contracts. Universal relies upon LSA-C.C. art. 1826, which provides as follows:
"No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it."
Plaintiff asserts that Falgout Refrigeration's error cannot prevent formation of a contract unless Universal knew that the error was the principal cause of the agreement or must be presumed to know because of the nature of the agreement. Universal maintains that article 1826 requires proof that it knew of Falgout Refrigeration's error with respect to the amount of work to be performed.
Plaintiff's argument is meritless because it is based on a misconception. LSA-C.C. art. 1826 applies only to an error as to the motive of a contract. In the instant case, the trial court did not find that Falgout Refrigeration made an error as to the motive or principal cause of the contract.
LSA-C.C. art. 1819 provides that error is one of the vices of consent which prevent formation of a contract. According to LSA-C.C. art. 1820, such error made be one of fact or of law. With regard to error of fact, LSA-C.C. art. 1823 provides that it may be one of three kinds:
"Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself."
LSA-C.C. art. 1826, which plaintiff relies upon, applies only in instances of error in the motive of the contract. In the instant case, defendant's error was not in the motive of the contract, but in the "subject matter of the contract itself." LSA-C.C. art. 1841 provides:
"Error as to the nature of the contract will render it void.
"The nature of the contract is that which characterizes the obligation which it creates. Thus, if the party receives property, and from error or ambiguity in the words accompanying the delivery, believes *1276 that he has purchased, while he who delivers intends only to pledge, there is not [no] contract."
The defendant erroneously believed that the contract created an obligation to install central air conditioning only. Unilateral error of fact is sufficient to prevent formation of a contract. See North Development Company, Inc. v. McClure, 276 So.2d 395 (La.App. 2nd Cir. 1973). This error as to the nature of the contract vitiated defendant's consent and prevented formation of a contract.
Plaintiff's argument is without merit because the article which plaintiff relies upon has no application to error as to the nature of a contract. The trial court correctly applied the laws regarding error and its effect upon the formation of a contract.
For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.
NOTES
[1] The caption of plaintiff's petition erroneously identifies the defendant as "Falgout Refrigeration, Inc."
[2] These portions of the work consisted of three distinct elements: (1) central air conditioning work, with central heating as a component part thereof; (2) heating work which comprised additional heating units that were separate and apart from the central heating system; and (3) ventilation work which was separate from both the central air conditioning system and heating units.
[3] Falgout Refrigeration has not appealed the dismissal of its third-party demand. Therefore, that portion of the district court's judgment is final.