SAVOIE, Judge.
Aetna Life and Casualty Insurance Company (Aetna) appeals the trial court’s judgment assessing penalties and attorney’s fees against it for arbitrarily and capriciously failing to pay hospital expenses incurred by plaintiff, Augustine Matherne. Plaintiff answers the appeal, alleging that the trial court erred in determining the amount of penalty owed by Aetna.
The record reveals that on December 21, 1982, plaintiff was involved in an automobile accident while in the course and scope of his employment with Porche Brothers Lumber and Supply, Inc. At the time of the accident, plaintiff was covered by a group insurance plan issued to Porche Brothers by Aetna. As a result of the accident, plaintiff received severe injuries rendering him totally and permanently disabled.
On February 3, 1983, plaintiff was admitted to Terrebonne General hospital as a result of coronary arrest. Plaintiff informed the admission personnel staff that he had group hospitalization insurance coverage with Aetna through his employer’s group policy. Eunice Claudet of the hospital’s admissions Verification Department called Porche Brothers to verify plaintiff’s employment, and verification was given. Later that day, Mrs. Gary Fugatt of Porche Brothers called Mrs. Claudet and informed her that plaintiff’s employment had been terminated on January 20, 1983, and that the benefits had also terminated. Mrs. Claudet then called Aetna and spoke with Debbie Dow. Miss Dow stated that plaintiff was no longer covered by the policy and that no request for conversion had been received.
Upon learning that Aetna had refused to guarantee payment of his claim, plaintiff wrote Aetna on February 11, 1983, requesting that it honor this claim. In that letter, Aetna was informed that plaintiff was totally and permanently disabled and therefore entitled to continued coverage.[1] Aet-na responded on February 24, 1983, stating that plaintiff’s coverage had terminated on January 20, 1983, and that no continuation of coverage would be granted. Subsequently, Aetna determined that plaintiff *742 was covered by virtue of the extension of coverage resulting from his disability. However, this fact was never relayed to plaintiff in order for him to submit the appropriate claim forms.
As a result of Aetna’s refusal to honor the claim, plaintiff filed suit seeking payment of the claim together with statutory penalties and attorney’s fees. Prior to trial, the parties stipulated to the fact that the policy was in full force and effect at the time the bills were incurred. The parties also stipulated to the authenticity of the medical bills. As a result, the only issue to be determined was whether or not Aetna acted arbitrarily and capriciously in refusing to pay.
Aetna claims that under LSA-R.S. 22:657(A)[2] it has no obligation to pay until it receives written notice and proof of claim. Aetna argues that since plaintiff has never sent such notice, then plaintiff has failed to comply with the requirements of the statute. Plaintiff in turn contends that since Aetna expressed its intention not to honor the claim, it would have been a useless act to submit any further written notices. Plaintiff further asserts that Aet-na had a duty to advise plaintiff of the error in their determination of no coverage when it was discovered that coverage existed. In failing to do so plaintiff contends that Aetna acted arbitrarily and capriciously.
Whether an insurer has acted arbitrarily and capriciously in failing to pay has been held to be a question of fact and the trial court’s findings should not be disturbed unless they are clearly wrong. See Landry v. Louisiana Hospital Services, Inc., 449 So.2d 584 (La.App. 1st Cir.1984); and Lucito v. Louisiana Hospital Services, Inc., 392 So.2d 700 (La.App. 3rd Cir.1980).
The trial court in this case found that the erroneous determination by Aetna placed a duty upon them to inform plaintiff of their error concerning coverage. The trial court reasoned that Aetna acted arbitrarily and capriciously in failing to advise plaintiff of their mistake, and in failing to pay medical debts clearly owed. After carefully reviewing the record we cannot say the trial court was clearly wrong. The record shows that by letter dated February 24, 1983, Aetna clearly expressed its intention not to pay any bills related to this claim. At this point, knowing Aetna’s position on the claim, it would have been a useless act on plaintiff’s part to submit any bill for payment. Then,, relying upon Aet-na’s asserted position, plaintiff filed suit to collect under the policy. When it became apparent to Aetna that they were in error as to coverage, they had a duty to inform plaintiff of the change in their position concerning coverage. The failure to take any action towards discharging that duty, under the facts of this case, subjects Aetna to the penalty provisions of LSA-R.S. 22:657(A).
Having determined that Aetna acted arbitrarily and capriciously in refusing to pay, we now turn to the amount of penalty due. LSA-R.S. 22:657(A) clearly provides for a penalty of “double the amount of health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court.”
The trial court found that the benefits due under the terms of the policy were $2,248.78. After review of the record we cannot say he committed error in doing so. The trial court then doubled this amount to award plaintiff a penalty of $4,497.57 together with legal interest from date of *743 judicial demand. However, by stipulation of the parties, it was agreed that plaintiffs expenses would be paid under the policy pursuant to the policy provisions. By doubling the amount of the penalty, the trial court actually awarded plaintiff triple the benefits due rather than double.
The “double the amount” provisions has been interpreted to mean the plaintiff is only entitled to recover twice the amount of benefits due (or 100% of the benefits due as a penalty) rather than double the amount of benefits as a penalty in addition to the amount of benefits. Frey v. Manhattan Life Ins. Co. of New York, 182 La. 821, 162 So. 633 (La.1935); Peters v. Life General Security Insurance Company, 400 So.2d 1103 (La.App. 1st Cir.), writ denied, 403 So.2d 70 (La.1981); and Thomas v. Universal Life Insurance Company, 201 So.2d 529 (La.App. 3rd Cir.1967).
The trial court was therefore in error in assessing plaintiff double the amount due plus the benefits in the policy. The proper amount of the penalty should be limited to $2,248.78. Under the circumstances we find that the sum of $1,000.00 awarded as attorney’s fees was appropriate.
For the above and foregoing reasons, the judgment of the trial court is amended so as to reduce the amount of the statutory penalty from $4,497.57 to $2,248.78. Otherwise than as herein amended, the judgment appealed from is affirmed. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED IN PART, AMENDED IN PART AND AS AMENDED, AFFIRMED.

. The policy in question provided for extension of coverage as follows:
TERMINATION OF COVERAGE
Termination of Coverage — Coverage of an employee will terminate upon the earliest to occur of
Discontinuance of this policy as to such coverage.
The date the employee’s employment terminates.
The date of the employee’s death, unless otherwise provided.
Except as provided below, an employee’s employment is considered to terminate on the date he ceases active work with a Participant Employer in the eligible classes.
If absent from work because of disease or injury, his employment may be considered to continue, until terminated by his Participant Employer, but for no longer than 12 months from the start of the absence, as to any Life Insurance, Accidental Death and Dismemberment Benefit or Temporary Disability Benefit Coverage included in this policy.

. LSA-R.S. 22:657(A) provides, in pertinent part, as follows:
AH claims arising under the terms of health and accident contracts issued in this state, ... shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist_ Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court.