563 So.2d 924 (1990)
Cathy F. NICKELS
v.
GUARANTEE TRUST LIFE INSURANCE COMPANY.
No. CA 890441.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
*925 Nina S. Broyles, Baton Rouge, for plaintiff-appellee, Cathy F. Nickles.
Charles A. Schutte, Jr., Baton Rouge, for defendant-appellant, Guarantee Trust Life Ins. Co.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
On January 16, 1985, the health and accident policy issued by defendant, Guarantee Trust Life Insurance Company, "Guarantee", to plaintiff, Cathy F. Nickels, became effective. The insurance was offered to plaintiff by The Toledano Agency, Inc. because of her status as an L.S.U. student. Prior to the effective date of coverage, plaintiff had received treatment from Dr. Evelyn Hayes, an obstetrician-gynecologist, for dysmenorrhea. Dr. Hayes had treated plaintiff with medication for dysmenorrhea, or painful menses, since 1982. On May 9, 1985, Dr. Hayes diagnosed plaintiff with endometriosis, following a diagnostic laparoscopy procedure. On August 28, 1985, a laparotomy was performed to treat plaintiff's condition. With respect to these procedures, plaintiff incurred $8,454.54 in medical expenses, which she submitted to Guarantee for payment. Guarantee denied coverage, and plaintiff filed suit. Following a jury trial, plaintiff was awarded medical expenses of $8,454.54, statutory penalties of $8,454.54, attorney fees of $6,000.00 and interest on the whole. Guarantee has appealed. Plaintiff in her answer to the appeal seeks an increase in damages.

PRE-EXISTING CONDITION
Guarantee asserts that the medical expenses in question were not covered because treatment for the condition had been received within 90 days immediately preceding the effective date of coverage, and was therefore excluded from coverage under the terms of the policy by the following provisions:
"Covered Sickness" means sickness or disease causing loss commencing while this Policy is in force as to the Insured Person and for which no treatment or service has been rendered within 90 days immediately preceding the effective date of coverage as to the Insured Person whose sickness is the basis of claim.
. . . .
This Policy does not cover:
1. Any pre-existing condition. Pre-existing condition means:
. . . .

*926 (b) any sickness for which treatment or service has been rendered within 90 days immediately preceding the effective date of coverage as to the Insured Person whose sickness is the basis of claim.
The jury verdict form reflects the jury finding that plaintiff did not receive treatment or services for the disease of endometriosis within ninety days prior to January 16, 1985. We are unable to say that such a finding is manifestly erroneous.
The insurer bears the burden of proving the applicability of an exclusionary clause. Bonura v. United Bankers Life Ins. Co., 552 So.2d 1248 (La.App. 1st Cir. 1989), writ denied, 558 So.2d 1125 (La. 1990); Dorsey v. Board of Trustees, State Employees Group Benefits Program, 482 So.2d 735 (La.App. 1st Cir.1985), writs denied, 486 So.2d 735, 736 (La.1986); Landry v. Louisiana Hosp. Serv., Inc., 449 So.2d 584 (La.App. 1st Cir.1984). Any ambiguity in the contract of insurance is to be construed in favor of the insured. Credeur v. Luke, 368 So.2d 1030 (La.1979). Words used in an insurance contract are to be understood in their usual and common signification. Jennings v. Louisiana and Southern Life Ins. Co., 290 So.2d 811 (La. 1974). Whether a contract is ambiguous or not is a question of law. Aycock v. Allied Enterprises, Inc., 517 So.2d 303 (La.App. 1st Cir.1987), writs denied, 518 So.2d 512, 513 (La.1988).
Initially we note that the policy definition for "covered sickness" is ambiguous as to whether the "sickness or disease" must commence while the policy is in effect or whether only the "loss" must commence during the effective term of the policy. Construing the language in the light most favorable to the insured, we adopt the latter interpretation, affording coverage. Thus, for coverage to exist under this policy, the insured need only show loss commencing while the policy is in force. In order to exclude coverage the burden is on the insurer to prove that the insured received treatment or services for the sickness or disease, within the ninety days immediately preceding the effective date of coverage. Whether the sickness or disease actually existed prior to the effective date of coverage is irrelevant under the terms of this policy unless treatment or service was rendered during that time period. This is in contrast to policies of insurance containing language which unambiguously provides for coverage of "sickness, illness or disease contracted and beginning while... [the] policy is in force." See Bonura v. United Bankers Life Ins. Co., 552 So.2d at 1253.
Although Dr. Hayes, in her deposition testimony, was able through hindsight to relate the 1985 discovery of endometriosis in plaintiff to the 1984 complaints of dysmenorrhea, she specifically stated that she did not provide treatment or service to plaintiff for endometriosis prior to May of 1985. Dr. Hayes' records of her examination of plaintiff on December 19, 1984, reflected her suspicion that it was possible plaintiff had endometriosis; however, the doctor was unable to make a diagnosis at that time and continued plaintiff on Anaprox, the medication previously prescribed for dysmenorrhea. Dr. Hayes indicated that she disclosed the possibility of endometriosis to plaintiff at that time, but plaintiff was unable to recall such a discussion. On April 9, 1985, plaintiff's pelvic examination produced abnormal findings, resulting in the recommendation by Dr. Hayes of a laparoscopy to determine whether endometriosis was the cause. A diagnostic laparoscopy was performed on May 9, 1985 and moderate to severe endometriosis was found. Thereafter, Dr. Hayes attempted unsuccessfully to treat plaintiff's condition with the medication Danocrine. In August of 1985, plaintiff underwent surgery during which the following procedures were performed: presacral neurectomy, uterosacral plication, re-positioning of the uterus, and laser vaporization of areas of endometriosis. Thus, the jury could reasonably have concluded that plaintiff only received treatment or services for dysmenorrhea, not endometriosis, prior to the effective date of her insurance coverage. Consequently, we must affirm the lower court finding that coverage existed under the terms of the policy for the medical procedures at issue.

*927 DAMAGES FOR EMOTIONAL DISTRESS AND LOST INCOME
Plaintiff answered this appeal alleging that she is entitled to recover damages for emotional distress and loss of income resulting from Guarantee's failure to pay medical expenses, and that, the trial court improperly excluded evidence of these damages. Plaintiff argues on appeal that Guarantee was in bad faith in denying coverage and should therefore be liable for all damages resulting from its actions. Further, plaintiff argues the contract by its nature was intended to satisfy nonmonetary interests and failure to perform, resulted in liability under La. C.C. art. 1998.
La. C.C. art. 1998 provides as follows:
Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.
Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.
Plaintiff's argument is of no merit. This court has previously rejected the argument that a contract of insurance has for its object the gratification of some intellectual enjoyment. Nelson v. Allstate Ins. Co., 464 So.2d 1015 (La.App. 1st Cir.1985). The object of a contract of insurance is the payment of money. Tano Corp. v. Louisiana Health Serv. & Indem. Co., 355 So.2d 604 (La.App. 4th Cir.1978); Bye v. American Income Life Ins. Co., 316 So.2d 164 (La.App. 4th Cir.), writ denied, 320 So.2d 208 (La.1975). Plaintiff has not alleged Guarantee intentionally attempted to injure her. Consequently, damages for nonpecuniary loss are not recoverable under La. C.C. art. 1998 for breach of a contract of insurance where there is no proof the insurer intentionally sought to aggrieve the feelings of the insured.
La. C.C. art. 1997 provides as follows:
An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform.
Other circuits have recognized a cause of action for nonpecuniary damages where an insurance company acts in bad faith. Gardiner v. Old Hickory Cas. Ins. Co., 529 So.2d 1324 (La.App. 5th Cir.1988); Modisette v. American Integrity Ins. Co., 297 So.2d 498 (La.App.2d Cir.1974). However, in the case sub judice, no bad faith on the part of Guarantee has been established. Accordingly, plaintiff is not entitled to damages for emotional distress or lost wages.
Guarantee alleges on appeal it was prejudiced by plaintiff's attempt to introduce evidence of her having to quit school to work in order to pay her medical bills, when such evidence had previously been excluded by the court. By order of the trial court, on considering Guarantee's motion in limine, plaintiff was prohibited from presenting any evidence which did not relate directly to proving: "(1) the medical expenses incurred by the plaintiff; (2) whether those expenses were recoverable under the terms and conditions of the insurance policy issued by Guaranty [sic] Trust; and (3) whether or not Guaranty [sic] Trust had reasonable grounds under the terms and conditions of its policy for failing to pay." However, during the trial, plaintiff was questioned as to whether Guarantee paid her medical expenses, to which she replied "They didn't pay any of that. I had to quit school to go to work." Further plaintiff's counsel inquired how long it took plaintiff to pay the bill, to which plaintiff answered, "Thirteen months." Objection was made by Guarantee's counsel to both remarks and sustained by the court, and, plaintiff's counsel was admonished by the court following the last question. Guarantee argues that this testimony prejudiced the jury and influenced their decision to award penalties and attorney fees. We find the introduction of *928 the testimony complained of to be harmless error, as we are unable to say the absence of the contested evidence would have changed the result of this case. See Universal Iron Works, Inc. v. Falgout Refrigeration, Inc., 419 So.2d 1272 (La.App. 1st Cir.1982).

STATUTORY PENALTIES AND ATTORNEY FEES
La.R.S. 22:657 A. provides:
All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases.
This court has recently set forth the rules to be considered when determining whether penalties should be imposed under this statute.
Whenever a claim is properly presented under a health and accident contract, it must be paid within 30 days, unless just and reasonable grounds exist, such as would put a reasonable and prudent businessman on his guard that the claim is unjust. Lopez v. Blue Cross of Louisiana, 397 So.2d 1343 (La.1981); Cheramie v. Board of Trustees, State Employees Group Benefit Program [482 So.2d 742 (La.App. 1st Cir.1985)] supra; Casey v. Proprietors Life Assurance Company [470 So.2d 339 (La.App. 5th Cir.1985)] supra. What constitutes just and reasonable grounds for failing to pay has been held to be a question of fact to be determined from the circumstances of the case in question. Landry v. Louisiana Hospital Service, Inc., 449 So.2d 584 (La.App. 1st Cir.1984).
Where an insurer's interpretation of its policy is reasonable and not contrary to any existing jurisprudence, the denial of a claim is not arbitrary so as to require the imposition of penalties, and the insurer has a right to a judicial determination of the issues. While a court may disagree with the interpretation the insurer places upon its policy, its actions in refusing to pay should not necessarily subject it to the penalty provisions of the statute. Landry v. Louisiana Hospital Service, Inc., supra. However, when an insurer chooses to resist liability based on a supposed defense, which a reasonable investigation would have proved to be without merit, it will be liable for statutory penalties. Cheramie v. Board of Trustees, State Employees Group Benefit Program, supra; Lapeyrouse v. Pilot Life Insurance Company [369 So.2d 1128 (La.App. 1st Cir.1979)] supra; Matthews v. Coastal States Life Insurance Company, 291 So.2d 475 (La.App. 3rd Cir.1974).
Bonura v. United Bankers Life Ins. Co., 552 So.2d at 1254. The trial court's finding on this issue should not be disturbed unless it is clearly wrong. Dorsey v. Board of Trustees, State Employees Group Benefits Program, 482 So.2d at 739.
We find no error in the jury's determination that Guarantee's failure to pay the medical benefits at issue was not based on just and reasonable grounds as would put a reasonable and prudent businessman on his guard. At plaintiff's request, Dr. Hayes forwarded to Guarantee two letters explaining plaintiff's treatment history. Both contained essentially the same information, explaining that prior to 1985, plaintiff was treated for dysmenorrhea, that endometriosis was not diagnosed until May *929 of 1985, and that plaintiff was not placed on corrective therapy for endometriosis until after the condition was diagnosed. No testimony whatsoever was introduced by Guarantee to contradict the medical evidence given by Dr. Hayes, or to show what additional information, if any, Guarantee possessed which would constitute just and reasonable grounds for its failure to pay. Based on the information available to Guarantee, we find no just and reasonable grounds to deny coverage under plaintiff's policy of insurance.
Plaintiff's contention that the statutory penalty was insufficient has no merit. Plaintiff claims that the language of La.R.S. 22:657 providing for a penalty "of double the amount of the health and accident benefits due", entitles her to an award of the medical benefits owed plus another amount equal to twice the amount of the benefits due as a penalty. Such an argument has previously been rejected by this court in Matherne v. Aetna Life and Casualty Ins. Co., 484 So.2d 740 (La.App. 1st Cir.), writ denied, 488 So.2d 691 (La.1986). Therein, we held that the "double the amount" provision means the plaintiff is only entitled to recover a total of twice the amount of benefits due (or 100% of the benefits due as a penalty) rather than double the amount of benefits as a penalty in addition to the amount of benefits. 484 So.2d at 743.
Finally, we examine the issues raised concerning the attorney fees awarded. Guarantee alleges the plaintiff's introduction of evidence of attorney fees incurred, prejudiced the jury in her favor. In response to counsel's question as to whether plaintiff incurred attorney fees in connection with this lawsuit, plaintiff replied, "Yes. I have." Guarantee objected; no ruling was made, of record, on this issue. We find no prejudice in the introduction of this testimony, and no error in the trial court award of $6,000.00 in attorney fees.
In accordance with the foregoing reasons, the judgment of the trial court is affirmed. Appellant, Guarantee Trust Life Insurance Company, is cast for all costs.
AFFIRMED.