KLEES, Judge.
Defendant, Durham Life Insurance Company (Durham), appeals the judgment of the trial court awarding plaintiff disability benefits, penalties, and attorney fees. After reviewing the record and applicable law, we reverse the portion of the judgment awarding penalties and affirm all other portions of the judgment as amended.
Defendant issued a policy of disability insurance to plaintiff providing for disability benefits in the event that plaintiff should become “totally disabled by reason of accidental bodily injuries or sickness.” The policy defined totally disabled as:
‘Totally disabled’ or ‘total disability’ as used herein means, for the Elimination Period and the first 2 years of any continuous disability for which benefits are payable, the complete inability of the Insured to perform any and every duty of the occupation in which he was engaged immediately prior to commencement of the disability. After payment of benefits for 2 years, if this insurance provides benefits in excess thereof, then for the balance of the period of disability, ‘totally disabled’ or ‘total disability’ means complete inability to perform any duty of any gainful occupation for which the Insured may be reasonably fitted by education, training or experience ... Successive disabilities due to the same related cause or causes shall be deemed one continuous period of disability, unless between cessation and recurrence of such disabilities the Insured has performed the duties of his profession or occupation on a full time basis for at least 6 months.
Plaintiff was engaged in the practice of medicine until 1986 when he became totally disabled due to an arteriosclerotic heart disease. Plaintiff made a claim under the disability policy and was paid benefits of $1200 per month from March 29, 1986 through May 27,1988. Plaintiff was never able to return to his occupation as a physician.
In 1986, plaintiff moved to Mississippi and began developing a blueberry farm. Plaintiff continued to pay the premiums on the disability policy. On January 10, 1989, he filed a second claim for disability benefits under the policy claiming that he became disabled from blueberry farming due to spinal stenosis. In a letter dated May 26, 1989, defendant advised plaintiff that his claim was denied because he did not meet the policy requirements since he had not returned to his profession as a physician and, therefore, a new period of disability had not been established. In a letter dated May 31, 1989, plaintiff was informed that his policy was cancelled. As a result, on December 29, 1989, plaintiff filed suit to recover disability benefits, penalties, and attorney fees. On December 7, 1990, the trial judge ruled in favor of plaintiff and against Durham in the amount of $28,800 in disability benefits for two years, $28,000 in penalties, and $4000 in attorney fees. Defendant appeals. Plaintiff filed an answer to the appeal asking for an additional award of attorney fees for this appeal.
On appeal, defendant argues that the trial judge erred in five respects: (1) the trial judge erred in finding that the policy provided coverage for plaintiff’s alleged disability as a blueberry farmer; (2) the trial judge erred in finding that plaintiff proved he was a blueberry farmer; (3) the trial judge erred in finding that plaintiff proved that he was disabled as of December, 1988; (4) if the appellate court finds that the policy provided coverage to plaintiff and that plaintiff was employed as a blueberry farmer, the trial judge erred in awarding plaintiff $1200 per month for 24 *372 months; and (5) the trial judge erred in awarding penalties and attorney fees.
In his first assignment of error, defendant claims that the trial court erred in finding that the policy provided coverage for plaintiffs disability as a blueberry farmer. Defendant argues that they issued a policy to plaintiff in his capacity as a physician; therefore, the policy does not provide for coverage to plaintiff as a blueberry farmer. On the claim form, plaintiff listed his occupation as a physician. Under the terms of the policy, because plaintiff never resumed his position as a physician, defendant claims he cannot recover for the second alleged disability. Furthermore, defendant claims that plaintiffs second disability is based on the same problems as his first disability, making it one continuous period of disability. Therefore, defendant argues that plaintiff is entitled to only one maximum benefits period of two years.
Plaintiff claims that there is no provision in the policy supporting defendant’s position that coverage is limited to the occupation of a physician. The policy provides that benefits are payable upon “the complete inability of the insured to perform any and every duty of the occupation in which he was engaged immediately prior to the commencement of the disability.” Plaintiff further argues that disability from farming caused by spinal stenosis is unrelated to the heart condition which disabled him as a physician in 1986. Furthermore, plaintiff worked as a blueberry farmer for over two years before becoming disabled because of spinal stenosis. Therefore, the 1986 disability and the 1988 disability at issue are not one continuing period of disability.
We agree with plaintiff and find that the trial court did not err in finding that the policy provided coverage for plaintiff as a blueberry farmer. Furthermore, if plaintiff was limited to coverage in his position as a physician, defendant should not have continued accepting premiums following plaintiffs total disability as a physician in 1986. In addition, any ambiguity in a contract of insurance is to be construed in favor of the insured. Nickels v. Guarantee Trust Life Insurance Company, 563 So.2d 924 (La.App. 1st Cir.1990), Carney v. American Fire & Indemnity Co., 371 So.2d 815 (La.1979). Construing the language in the light most favorable to the insured, we cannot say that the trial judge’s finding affording coverage was erroneous.
Defendant’s second assignment of error is that the trial judge erred in finding that plaintiff proved he was a blueberry farmer since the only evidence plaintiff presented was his own self-serving testimony. Plaintiff testified that he purchased twenty-five acres of land in Picayune, Ms. to develop a blueberry farm. He performed extensive work on the land for farming operations. Plaintiff offered a letter from the president of First United Bank evidencing that plaintiff borrowed $24,000 for blueberry farming operations. Defendant offered plaintiff’s tax returns for 1987 through 1989 which showed no evidence that he was a blueberry farmer, but instead indicated that he worked as a medical consultant.
Whenever there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable basis for the trial court’s finding, on review, the appellate court should not disturb this factual finding in the absence of manifest error. The reviewing court must give great weight to the factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring, Co., 283 So.2d 716 (La.1973). Based on plaintiff’s testimony regarding the extensive farming operations as well as the letter from the president of First United Bank stating that plaintiff borrowed money for farming operations, the record supports the trial court’s conclusion. Therefore, we find that the trial court did not commit manifest error in find *373 ing that plaintiff proved he was a blueberry farmer.
Defendant’s third assignment of error is that the trial court erred in concluding that plaintiff proved he was disabled from being a blueberry farmer in December of 1988. Plaintiff testified as to the disabling condition and also offered the testimony of Dr. Richardson, his treating physician. Dr. Richardson testified that spinal stenosis is a progressive disease of the spine. The record supports this finding and we conclude that this assignment is without merit.
Defendant’s fourth assignment of error is that the trial judge erred in awarding plaintiff $28,800 in disability benefits. Defendant argues that if the court determines that plaintiff is entitled to benefits, then under the policy he is entitled to only 60% of the monthly income which he earned as a blueberry farmer in 1988, since plaintiff filed a secondary disability claim January 10, 1989, and in that claim form stated that he had been disabled since December 2, 1988. Defendant referred to page 14 of the policy for these provisions. Plaintiff argues that such policy language was not included in the policy which he received. The trial judge ruled in favor of the plaintiff on this issue because there was no testimony that the policy provided to plaintiff contained this limiting section. The trial court did not commit manifest error in this finding.
Defendant’s final assignment of error is that the trial court erred in awarding penalties and attorney fees. LSA-R.S. 22:657 provides in pertinent part:
§ 657. Payment of claims; health and accident policies; prospective review; penalties; self-insurers
A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court ...
Therefore, the test for awarding penalties is whether the insurer withheld payment of the claim more then 30 days without just and reasonable grounds, such as would have put a reasonable and prudent businessman on his guard. Lombard v. Manchester Life Insurance Company, 406 So.2d 742 (La.App. 4th Cir.1981), writ denied 410 So.2d 764 (La.1982). Whether an insurer had just and reasonable grounds justifying its refusal to pay is a question of .fact. The trial court’s finding on this issue should not be disturbed unless it is clearly wrong. Nickels, supra.
Defendant argues that they did not act arbitrarily and capriciously in denying plaintiff’s claim. We agree that reasonable grounds existed justifying defendant’s refusal to pay. Accordingly, we conclude that the award for penalties was in error and we reverse that award. Nonetheless, the amount of attorney fees was proper.
Plaintiff asks for additional attorney fees for this appeal. We find that plaintiff is entitled to $1500 for this appeal.
Accordingly, for the foregoing reasons, the judgment of the trial court is reversed as far as it awards penalties to plaintiff. All other portions of the trial court’s judgment are affirmed as amended to include the award to plaintiff for attorney fees incurred in this appeal.
REVERSED IN PART, AFFIRMED IN PART AS AMENDED.